UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MILLENNIUM TRUST COMPNAY, LLC,

                Plaintiff,

       -against-

TRUST FOR THE BENEFIT OF
WILLIAM E. KASSAR III, WILLIAM E. KASSAR JR.,
LYNN KASSAR, AND JOHN AND JANE DOE,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-05094 (OEM) (ST)

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Millennium Trust Company, LLC ("Plaintiff") brought this foreclosure action under New York Real Property Actions and Proceedings Law ("RPAPL"), Section 1301 *et seq.*, against Trust for the Benefit of William E. Kassar III (the "Kassar Trust"), William E. Kassar Jr., Lynn Kassar, and John and Jane Doe. Complaint ("Compl."), ECF 1. Plaintiff seeks to foreclose on a mortgage encumbering a property in Locust Valley previously owned by Defendants William E. Kassar Jr. and Lynn Kassar (together, the "Kassars") and subsequently transferred to the Kassar Trust. *Id.* Only the Kassar Trust and William E. Kassar Jr. (together, the "Defendants") have appeared or otherwise defended this action.

      Plaintiff filed a letter-motion for a pre-motion conference on anticipated motion for summary judgment under Federal Rule of Civil Procedure 56, supported by a Rule 56.1 statement and exhibits.[1] Defendants failed to timely file a responsive letter and 56.1 counterstatement. The Court provided Defendants, represented by counsel, the opportunity to oppose Plaintiff's PMC Letter and 56.1 Statement, but to date, Defendants have not responded. Consequently, as the Court

---

[1] Plaintiff's Pre-Motion Conference Letter ("PMC Ltr."), ECF 25; Plaintiff's Local Civil Rule 56.1 Statement ("Pl.'s 56.1"), ECF 25-1; Declaration of Shachar Hadar ("Hadar Decl."), ECF 25-2; PMC Exs. A-K, ECF 25-3-25-13.

forewarned, Plaintiff's PMC Letter is construed as a motion for summary judgment. For the following reasons, Plaintiff's motion for summary judgment is granted.

## BACKGROUND

**A.    Factual Background[2]**

The Kassars are owners of a property located in Locust Valley, New York. On June 15, 2007, the Kassars obtained a residential mortgage loan from First Franklin Financial Corp. ("First Franklin") in the amount of $921,000.00 that encumbers their Locust Valley property. Pl.'s 56.1 ¶¶ 5, 6. That same day, the Kassars executed to First Franklin a note to secure the loan. Pl.'s 56.1 ¶¶ 5, 6. The mortgage was recorded in the office of the County Clerk of the County of Nassau ("Nassau County Clerk") on July 24, 2007. Pl.'s 56.1 ¶¶ 5, 6.

The Kassars conveyed the Locust Valley property to the Kassar Trust by deed executed on May 11, 2009, which was recorded with the Nassau County Clerk on June 16, 2009. Pl.'s 56.1 ¶ 7; *see* Compl. Ex. E. The mortgage loan was modified by an agreement executed on April 5, 2013. Pl.'s 56.1 ¶ 8. On August 1, 2015, the Kassars defaulted under the terms of the note, mortgage, and loan modification agreement. Pl.'s 56.1 ¶ 10.

The mortgage and the note were assigned to Plaintiff on September 29, 2022, through a series of indorsements and assignments. Pl.'s 56.1 ¶ 9; *see* Compl. Ex. C.

On April 10, 2023, a "Notice of Default" was mailed to William E. Kassar and Lynn Kassar separately at their Locust Valley property, informing them that they are in default and owed $716,609.45. PMC Ltr., Ex. D, EFC 25-6. The Kassars were directed to make a payment "[o]n or before May 10, 2023" to bring their account current and notified that failure to do so "[could]

---

[2] The facts in this section are drawn from Plaintiff's 56.1 Statement, Hadar's Declaration, and the exhibits filed in support of Plaintiff's PMC Letter, and exhibits attached to the complaint. *See* Pl.'s 56.1 Statement; Hadar Decl.; and PMC Ltr., Exs. A-K; Compl. Exs. A, B, C, D, E, G, ECF 1-3, 1-4, 1-5, 1-6, 1-7, 1-9.

result in acceleration of [the] loan." *Id.* at 4.  The notices also stated that the Kassars had thirty days after receipt of the notices to dispute the validity of the debt.  *See* PMC Ltr., Ex. D.

On March 31, 2023, Plaintiff mailed separate letters addressed to the Kassars advising them that they are at risk of foreclosure on the basis that their "home loan [was] 2,800 days and $706,961.68 dollars in default."  PMC Ltr., Ex. C, ECF 25-5, at 2.  The letters, also known as 90-Day Pre-Foreclosure Notice, advised them that "[i]f [they] ha[d] not taken any actions to resolve this matter within 90 days from the date this notice was mailed, [Millennium Trust] [would] commence legal action against [them]."  *Id.*  Plaintiff filed a RPAPL § 1306 notice with the New York State Department of Financial Services on April 5, 2023.  *Id.* at 82.

**B.     Procedural History**

Plaintiff Millennium Trust commenced this foreclosure action by filing a complaint on July 5, 2023.  At Plaintiff's request, the Clerk of Court issued summonses addressed to each defendant named in the action.  Summons Issued as to All Defendants ("Summons"), ECF 5.  Plaintiff returned executed summonses showing that each defendant was properly served.  ECF 7, 8, 9, 10.

The Kassar Trust and William E. Kassar Jr. answered the complaint and asserted counterclaims against Plaintiff.  Verified Answer and Counterclaim ("Answer"), ECF 11.  Plaintiff filed a verified reply to the counterclaims.  Verified Reply to Counterclaims ("Reply"), ECF 12.

On January 11, 2024, Plaintiff filed a request for the Clerk of Court's Rule 55(a) certificate of default against Lynn Kassar for her failure to answer the complaint or otherwise defend this action.  Request for Clerk's Certificate of Default, ECF 18.  On January 16, 2024, the Clerk of Court entered default, "certify[ing] that the Defendant LYNN KASSAR ha[s] not filed an answer or otherwise moved with respect to the Complaint therein."  Clerk's Certificate of Default, ECF 19.

3

At Magistrate Judge Tiscione's directive, Plaintiff filed a status report on July 26, 2024, indicating that they had deposed William E. Kassar Jr. on May 28, 2024, served him and the Kassar Trust with requests for production of documents. Millenium Trust Status Report, ECF 20.

On September 30, 2024, Plaintiff filed a letter motion for a pre-motion conference on anticipated motion for summary judgment, supported by a Rule 56.1 statement, the declaration of counsel, and accompanying exhibits. Under this Court's Individual Practices and Rules, William E. Kassar Jr. and the Kassar Trust's response in opposition was therefore due no later than October 7, 2024. *See* Individual Practices & Rules ("IPR") Section III.B.2. On October 11, 2024, the Court found that to date, Defendants had not filed a responsive letter and 56.1 Counterstatement, directed them to do so by October 20, 2024, and warned them that "failure to do so may result in the Court deeming Plaintiff's 56.1 statement as unopposed for purposes of summary judgment and construing the pre-motion conference papers as plaintiff's summary judgment motion." Docket Order dated 10/11/24 (citing *Kalamaras v. County of Nassau*, 17-cv-1068, 2019 WL 4452281, at *14 (E.D.N.Y. Sept. 16, 2019)). By October 25, 2024, Defendants had not complied with the Court's order. Consequently, the Court denied Plaintiff's letter for a pre-motion conference and "deem[ed] Plaintiff's 56.1 statement as unopposed for purposes of summary judgment and construe[d] the pre-motion conference letter as Plaintiff's summary judgment." Docket Order dated 10/25/24.

## LEGAL STANDARD

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

4

250 (1986). Under Rule 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden is met, however, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166–67 (2d Cir. 2009); *see also Celotex Corp.,* 477 U.S. at 322-23. The non-moving party must show more than "[t]he mere existence of a scintilla of evidence" in support of his or her position; "there must be evidence on which the jury could reasonably find for the" non-movant. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation omitted). In other words, to defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents,

5

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–59 (1970). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48.

Federal Rule of Civil Procedure 56 "does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." *Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014). Before granting such a motion, "the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden even if the statement is unopposed." *Id.*; *see Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (the Court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If it has not, summary judgment is inappropriate, for 'no defense to an insufficient showing is required.'" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970)). The Court must also "determine whether the legal theory of the motion is sound." *Jackson,* 766 F.3d at 194.

6

## DISCUSSION

Plaintiff argues that it is entitled to summary judgment because it has established a prima facie case on its foreclosure claim and that Defendants' affirmative defenses do not create a genuine issue of material fact that would preclude summary judgment.

### A.   Plaintiff's Prima Facie Case

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004); *see also Builders Bank v. Charm Devs. II, LLC*, Nos. 09-CV-3935 & 09-CV-4410, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note"). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment. The burden then shifts to the defendant to raise a triable issue of fact, including with respect to any alleged defenses or counterclaims." *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 414-15 (E.D.N.Y. 2018).

Plaintiff has submitted evidence that establishes a prima facie case of entitlement to judgment, and Defendants have offered no evidence in dispute. Plaintiff provided proof of the note and mortgage at issue, both dated June 15, 2007, in the amount of $921,000.00, executed by the Kassars. The record shows the history of the assignment of the mortgage, demonstrating that the mortgage was ultimately assigned to Plaintiff on September 23, 2022. *See 358 & 360 Atl. Ave. Holdings, LLC v. 358 Atl. Realty LLC*, 21- CV-168 (DG)(PK), 2023 WL 2969297, at *6 (E.D.N.Y.

7

Mar. 1, 2023) ("If the plaintiff did not originate the loan, it is required to prove its valid and current ownership of the instruments."). Plaintiff also asserts in its 56.1 Statement, which the Defendants have not opposed, that "Plaintiff was in physical possession and was the owner and holder of the note and mortgage when the complaint was filed." Pl.'s 56.1 ¶ 14. Therefore, the Court concludes that Plaintiff was the owner and holder of the note and mortgage when the complaint was filed. *See E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) ("[A] written assignment of the underlying note . . . prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident."); *Wilmington PT Corp. v. Tiwana*, 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023). Plaintiff has presented proof of existence of an obligation and therefore has satisfied the first element of its prima facia case.

Regarding the second element of a prima facie case, Plaintiff has established a default on the mortgage obligation by the Kassars. In evaluating whether this element has been satisfied, "[n]o general allegations of default will be assumed to be true; rather, [t]here must be some proof in the form of an affidavit of a person with knowledge, or a complaint verified by a person with knowledge." *Fortress Credit Corp. v. Alarm One, Inc.*, 511 F. Supp. 2d 367, 371 (S.D.N.Y. 2007). Here, Plaintiff submitted a declaration by its attorney under penalty of perjury that cites to the payment history showing that Defendants have defaulted on their mortgage obligation. Hadar Decl. ¶¶ 5, 9 (citing PMC Ltr., Ex. H, FCI Lender Services, Inc.– Loan Master Report dated 9/30/2024). Plaintiff also asserts in its 56.1 statement that Defendants defaulted by failing to pay the installment due on August 1, 2015, the validity of which Defendants have not denied.[3] Pl.'s 56.1 ¶ 10.

---

[3] In its 56.1 statement, Plaintiff cites to its allegation in the complaint that the Kassars defaulted on the loan. However, the complaint is unverified and therefore is not competent summary judgment evidence. *See Caro Cap., LLC v. Koch*,

8

Finally, the Court concludes that the third element of Plaintiff's mortgage foreclosure claim—notice of default to the debtor—has been satisfied. Plaintiff mailed the Kassars two notices informing them of the default: (1) a "Pre-Foreclosure Notice" also mailed on March 31, 2023, and (2) a "Default Notice" mailed on April 10, 2023. Pl.'s 56.1 ¶¶ 11, 12.

**B.     Affirmative Defenses**

Despite Defendants' failure to oppose the motion, the Court must nonetheless examine the affirmative defenses raised in the answer to ensure that none of those defenses raise a triable issue of fact that would preclude summary judgment. *See Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 416 (E.D.N.Y. 2018). "Once a mortgagee's prima facie case is established, the mortgagor must make an affirmative showing that a defense to the action exists." *Builders Bank v. Charm Developments II*, LLC, 09-CV-3935 (JB) (LB), 09-CV-4410 (JB) (LB), 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010).

William Kassar's answer raises three defenses and 17 affirmative defenses. Plaintiff describes the answer as a "general denial" of the complaint that includes 17 "baseless" and "conclusory" affirmative defenses. PMC Ltr. at 3. The answer contains only unsupported assertions, which do not create a genuine issue of material fact.

Defendants' first defense is that "Plaintiff [] failed to comply with RPAPL § 1303 by, *inter alia*, failing to deliver RPAPL § 1301 notice on colored paper that is other than the color of the

---

653 F. Supp. 3d 108, 132 (S.D.N.Y. 2023) ("It is blackletter law that an unverified complaint is not evidence that can be relied upon at summary judgment."); *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 07-CV-3635, 2009 WL 1564144, at *1 n.1 (S.D.N.Y. Jun. 4, 2009) (finding that on a motion for summary judgment "allegations in an unverified complaint cannot be considered as evidence").

Further, the Court does not find that Plaintiff's citation to Kassar's deposition supports its asserted fact that the Kassars defaulted on the loan. *See* Pl. 56.1 ¶ 10 (citing to Kassar's deposition at 31:2-5). Plaintiff provides the following excerpt: "Q. Is it correct that you haven't made any payment in connection with the loan since August 1, 2015? A. I don't remember the date." Dep. 31:2-5. Construing these facts in the light most favorable to non-moving party, Kassar did not explicitly state that he did not make any payments. Therefore, Kassar's testimony here—alone—does not support Plaintiff's assertion that Kassar defaulted on the terms of the note.

9

summons and complaint." Answer at 2. RPAPL § 1303 "requires a foreclosing party in a residential mortgage foreclosure action to attach a notice including sources of information and assistance to homeowners in foreclosure to the summons and complaint" and "lays out strict guidelines for the required content and the form of the notice," which "must: (1) be in bold, fourteen-point font; (2) be printed on different colored paper than the summons and complaint; (3) include 'Help for Homeowners in Foreclosure' in the title in bold, twenty-point font; and (4) be on its own page." *United States v. Starr*, 16-CV-1431, 2017 WL 4402573, at *3 (S.D.N.Y. Sept. 29, 2017); *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 85 (E.D.N.Y. 2019).

In this case, the notice Plaintiff mailed to Defendants satisfies RPAPL § 1303. Plaintiff submitted a sworn affidavit of service by individual named Patrick Buttler, in which Buttler attests to have served Defendants by first class mail "RPAPL Section 1303, which Notice, as served, was printed on blue paper, the title of the notice appeared to be in bold 20-point type, and the text appeared to be in bold, 14-point type . . . ." Affidavit of Service, ECF 25-7. Such affidavit is sufficient to establish that Plaintiff complied with RPAPL § 1303. *See Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 85 (E.D.N.Y. 2019).

As a second defense, Defendant asserts that the "90-Day Pre-Foreclosure Notices . . . were inadequate because proper service of these notices were not strictly complied with and as a result Plaintiff violated RPAPL § 1304, a condition precedent to the commencement of a foreclosure action." Answer at 2. Plaintiff asserts that it complied with RPAPL § 1304 by mailing the RPAPL § 1304 notices via first class mail and certified mail, and the default notice pursuant to the mortgage via certified mail to Defendants the Locus Valley property on March 31, 2023, and on April 10, 2023. PMC Ltr. at 3. RPAPL § 1304 requires a lender, assignee, or mortgage loan servicer to serve the borrower, at least 90 days prior to commencing a legal action for a mortgage

10

foreclosure, with a notice entitled "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY." RPAPL § 1304.  The notice must contain specific language and contain a list of at least five government approved housing counseling agencies serving the county where the property is located. *Id.* at § 1304(1)-(2); *see also Onewest Bank, N.A. v. Guerrero*, 14-CV-3754, 2016 WL 3453457, at *5 (S.D.N.Y. June 17, 2016).  The notice must be transmitted "via registered or certified mail and also by first-class mail to the last known address of the borrower, and if different, the residence subject to the mortgage."  *Id.* "Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action." *Wells Fargo Bank, N.A. v. Ullah*, 13-CV-485, 2015 WL 3735230, at *9 (S.D.N.Y. June 15, 2015) (brackets and quotation omitted). Plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304 regardless of the adequacy of Defendants' briefing. *See United States v. Parks*, 17-CV-01262, 2018 WL 5793569, at *3 (W.D.N.Y. Oct. 4, 2018) ("The plaintiff is required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion, regardless of the opposing papers." (quotation omitted)).

      The Court finds that Plaintiff has satisfied the strict compliance requirements under RPAPL § 1304.  Plaintiff filed documents showing that the 90-Day Pre-Foreclosure Notices were mailed by "USPS First Class Mail" to the Kassars at their Locust Valley address on March 31, 2023, and on April 10, 2023, which complies with the 90-day timeline and the method of mailing.  The notices were mailed separately to William Kassar and Lynn Kassar at the same Locust Valley address.  *See Freedom Mortg. Corp. v. Monteleone*, 628 F. Supp. 3d 455, 463 (E.D.N.Y. 2022)

11

(holding that notices must be sent to each borrower individually, even when borrowers share the same address).

Defendants asserted several affirmative defenses, including that: "Plaintiff does not have standing to sue because it was not the legal owner of the Note and/or Mortgage at the time and/or any time after it commenced this foreclosure action," Answer at 3; "[P]laintiff has failed to place on record any documentation proving that they are in fact the proper assignee of the Defendants' mortgage," *id.* at 4; "[P]laintiff has failed to show a proper chain of title of the mortgage with the Suffolk County Clerk, NY," *id.* at 5; and "[P]laintiff has failed to prove an ownership interest in the original note and mortgage from the originator to the plaintiff," *id*. However, Defendants have not provided evidentiary support for any of these statements.

Plaintiff has provided copies of documents demonstrating that it is the holder or assignee of the underlying note, and was at the time the action was commenced. Therefore, the Court concludes that Defendants' first, second, and third affirmative defenses, unsupported by record evidence, do not raise a triable issue. *See HSBC Bank USA, N.A. v. Spitzer*, 131 A.D.3d 1206, 18 N.Y.S.3d 67, 68 (2015) ("A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced."); *accord CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 337 (2d Cir. 2021). Indeed, the Second Circuit has held that statements in affidavits confirming possession of a note are sufficient to establish standing to foreclose. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217, 223 (2d Cir. 2016) ("New York courts have repeatedly held that proof of physical possession—such as the affidavits of [Plaintiff's] corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note.") (collecting cases).

Defendants assert in conclusory fashion that "Plaintiff is barred from recovery by the doctrines of laches, waiver, estoppel, and unclean hands" and that the "mortgage note is void under the doctrine of unclean hands." Answer at 9, 10. Defendants do not elaborate on why this specific defense should apply beyond the conclusory statements made in their answer. *See In re Cohen*, 422 B.R. 350, 381 (E.D.N.Y. 2010) (holding that in "the absence of any evidence of wrongful conduct by" the party alleged to have unclean hands, the defense was unavailable). Further, Defendants have not pointed to any facts in the record to support these affirmative defenses. Therefore, Defendants' unsupported and conclusory tenth and thirteenth affirmative defenses are not sufficient to create a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(c) (requiring that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by" "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"); *Freedom Calls Found. v. Bukstel*, 05-CV-5460, 2006 WL 845509, at *23 (E.D.N.Y. Mar. 3, 2006) (finding that "[t]he defendant who invokes the doctrine of unclean hands has the burden of proof").

Similarly, Defendants fail to elaborate specifics to support their sixth, seventh, eighth, eleventh, and fourteenth affirmative defenses. Defendants assert that "Plaintiff breached the implied covenant of good faith and fair dealing" and that Plaintiff "is liable" for "[a]ll damages proximately caused by the breach including but not limited to injury caused by credit damage, lost opportunity costs and emotional distress," Answer at 7; "Plaintiff and its originator [] violated NY CLS Banking Law § 6-1," *id.* at 8; "Plaintiff and its originator violated the Deceptive Practices Act under NY Gen. Bus. Law § 329(h) by engaging in acts and practices which were misleading in a material way, unfair, deceptive, and contrary to public policy and generally recognized standards of business" and that Plaintiff "employed predatory lending practices which were unfair, fraudulent and designed to

13

deceptively convince Defendants to agree to unfair and/or abusive loan terms," *id.* at 8, 10; and "[t]he mortgage violates the Home Ownership and Equal Protection Act ("HOEPA")," *id.* at 9. But, yet again, Defendants have not pointed to any supporting record evidence, and these conclusory and unsupported statements are insufficient to create triable issues. *See* Fed. R. Civ. P. 56(c). Thus, Defendant's sixth, seventh, eighth, eleventh, and fourteenth affirmative defenses do not preclude summary judgment to Plaintiff.

The remaining affirmative defenses fail as Defendants make only conclusory and unadorned statements, lacking any support from specific facts in the record.

**C.  Defendants' Counterclaims**

With respect to Defendants' counterclaims against Plaintiff for violation of New York's Deceptive Practices Act, NYS Banking Law Section 6-1, and breach of the implied covenant of good faith and fair dealing, *see* Verified Reply to Counterclaims, ECF 12, Defendants have not responded to the Plaintiff's PMC letter and have not taken any other action in this case since September 25, 2024. As such, Defendants have failed to prosecute their counterclaims against Plaintiff, and therefore, Defendants' counterclaims are dismissed under Federal Rule of Civil Procedure 41(b).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and Defendants' counterclaims are dismissed. Plaintiff shall file a status report or, in the alternative, a notice of voluntary dismissal or motion for default judgment as Lynn Kassar no later than April 11, 2025.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

April 4, 2025
Brooklyn, New York